**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, | No. 10-70772 |
| Petitioner, | Agency No. A098-830-520 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2013**
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner Sukwinder Singh, a native and citizen of India, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming an

immigration judge's ("IJ") denial of his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We hold that

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the IJ's adverse credibility finding is not supported by substantial evidence, and we vacate the BIA's decision denying Singh's requests for asylum, withholding of removal, and relief under CAT and remand this case to the BIA for further proceedings.

The BIA "conducted its own review of the evidence and law rather than simply adopting the [IJ's] decision. Accordingly, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). However, the BIA reviewed the IJ's adverse credibility finding under a clear error review, and we therefore "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). Accordingly, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* Credibility determinations must be based on "specific and cogent reasons" which are reasonable and which "take into consideration the individual circumstances" of the applicant's case. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (internal quotation marks omitted).

The reasons discussed by the IJ and cited by the BIA do not constitute substantial evidence for an adverse credibility finding. The inconsistency

2

regarding whether Singh was in jail for two days or two and a half days was trivial, especially considering that Singh was not confronted with this discrepancy. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The inconsistency regarding Singh's inability to remember the date he was arrested was also trivial, given that he remembered the month and year. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011).

The IJ also erred in finding that Singh's claim of persecution, due to his father's Sikh religion and affiliation with the Akali Dal Mann, was inconsistent with his family photo, which showed his father without a turban and with short hair. Singh explained that his father cut his hair to avoid persecution, and the IJ neglected to address this explanation.

The IJ also erred in finding Singh not credible because he was "inarticulate with regard to any type of political information." Singh's testimony provided some additional details outside of his affidavit in support of his asylum application, explaining that a tall assailant beat him with his hands and feet and accused him of knowing where Singh's father was. Singh also testified that he did not know the details regarding how his mother obtained his release because she did not tell him, and the IJ neglected to address this explanation. Singh might have provided more details about being stopped by the police going to or from school, but he was only

3

asked one question about these stops, and his request for asylum was based not only on these stops but also his two arrests.

The IJ's specific implausibility findings were also not supported by substantial evidence. The IJ's finding that it was implausible for the police to look for Singh in 2000 was improper for two reasons. First, although the treatment of Sikhs may have changed around 1995, using the country reports to discredit the specific testimony of Singh's personal experience is generally improper. *See Singh v. Gonzales*, 439 F.3d 1100, 1110 (9th Cir. 2006). Second, the IJ improperly speculated that the police would no longer be interested in Singh by this time, when Singh testified that the police harassed his family from the time that his father left in 1995, and no one was arrested until Singh talked back to the police in 2000.[1]

The IJ also abused her discretion in giving no weight to, or excluding entirely, most of the documentary evidence submitted by Singh. A "bare subjective opinion about the authenticity or probity of documents" is insufficient

---

[1]Further, although not discussed by the BIA, it was also improper speculation for the IJ to find implausible Singh's claim that he was arrested a second time after the rally when no one else was arrested. Singh was arrested after the rally at his home, and there is no discussion in the record regarding what happened to any other rally attendees after the rally, with the exception of his mother.

4

support for an adverse credibility determination. *Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006). "Rather, the record must include some evidence undermining their reliability, such that a reviewing court can objectively verify whether the IJ has a legitimate basis to distrust the documents." *Id.* (internal quotation marks omitted). In this case, the IJ's summary conclusions that certain documents were later-issued duplicates, or were unauthenticated, or that the preparers were unavailable for cross-examination, do not provide this court with sufficient information to undertake such a review, especially in light of the BIA's failure to address petitioner's arguments that the documents were improperly excluded.

Because we vacate the denial of asylum, we also vacate the denial of withholding of removal and relief under CAT, which are based on the same underlying adverse credibility determination. *Cf. Shrestha*, 590 F.3d at 1039.[2]

The petition for review is GRANTED and this case is REMANDED for further proceedings.

---

[2]In a one-line footnote, the BIA opines that Singh's fear of persecution is not objectively reasonable in light of changed conditions in the Punjab. This contention may be further developed and considered on remand.